**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ISABELLA WYSOCKI, JAMES WYSOCKI and RACQUEL WYSOCKI, <br><br>                Plaintiffs, <br><br>              -against- <br><br> THE WARDLAW-HARTRIDGE SCHOOL, CHRISTINE CERMINARO, ROBERT M. BOWMAN, Ph.D., ANDREW WEBSTER, AUSTIN FORSYTHE, WAGNER COLLEGE, NADIA VALCOURT, JOHN DOES (a fictitious designation of 1-10 male persons), JANE DOES (a fictitious designation of females 1-10), <br><br>              Defendants. | Case No.: 2:21-cv-14132 (WJM)(CLW) <br><br> CIVIL ACTION |

**MEMORANDA OF LAW IN SUPPORT OF**
**THE WARDLAW-HARTRIDGE SCHOOL, CHRISTINE CERMINARO, ROBERT M. BOWMAN, AND ANDREW WEBSTER'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

**HATFIELD SCHWARTZ LAW GROUP LLC**
*Attorneys for The Wardlaw-Hartridge School, Christine Cerminaro, Robert M. Bowman, and Andrew Webster*
240 Cedar Knolls Road, Suite 303
Cedar Knolls, New Jersey 07927
sschwartz@hatfieldschwartzlaw.com
(973) 737-8315

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT..............................................1

STATEMENT OF FACTS.................................................2

STANDARD OF REVIEW................................................4

LEGAL ANALYSIS....................................................6

    POINT I

    COUNT I ALLEGING BREACH OF CONTRACT MUST BE DISMISSED
    BECAUSE THE STUDENT-PARENT HANDBOOK IS NOT A
    CONTRACT......................................................6

    POINT II

    COUNT VI ALLEGING INTENTIONAL INFLICTION OF EMOTIONAL
    DISTRESS MUST BE DISMISSED BECAUSE PLAINTIFF CANNOT PREVAIL
    UNDER THIS CLAIM..............................................7

    POINT III

    COUNT VII ALLEGING A VIOLATION OF THE NEW JERSEY CIVIL RIGHTS
    ACT MUST BE DISMISSED AS THE WARDLAW-DEFENDANTS HAVE NOT
    ACTED UNDER COLOR OF LAW......................................9

    POINT IV

    COUNT VIII ALLEGING FRAUD MUST BE DISMISSED AS PLAINTIFFS
    CANNOT PREVAIL UNDER THIS CLAIM..............................10

        1. Plaintiffs Will Not Be Able to Demonstrate That The
        Policies Are Material Misrepresentations...........11

        2. Plaintiffs Cannot Demonstrate That They Relied On The
        Policies For Purposes of Enrolling Isabella Wysocki Into
        The Wardlaw-Hartridge School.......................14

    POINT V

    COUNT IX ALLEGING A VIOLATION OF THE NEW JERSEY CONSUMER FRAUD
    ACT MUST BE DISMISSED AS PLAINTIFFS CANNOT PREVAIL UNDER THIS
    CLAIM........................................................14

    POINT VI

    COUNT X ALLEGING A VIOLATION OF THE COVENANT OF GOOD FAITH
    AND FAIR DEALING MUST BE DISMISSED AS THE PARENT-STUDENT
    HANDBOOK IS NOT A CONTRACT AND PLAINTIFFS WERE NOT DENIED A
    BENEFIT OF THE BARGAIN.......................................16

CONCLUSION...............................................19

## TABLE OF AUTHORITIES

**Page**

**Cases**

49 Prospect St. Tenants Ass'n v. Sheva Gardens, Inc.,
     227 N.J. Super. 449, 455-57 (App.Div.1988)................9

Anderson v. Modica,
     4 N.J. 383, 392 (1950)..................................11

Block v. Seneca Mortg. Servicing,
     221 F. Supp. 3d 559, 593-595 (D.N.J. 2016)...........14,15

Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr.
Assoc.,
     182 N.J. 210 (2005)..................................16,18

Buckley v. Trenton Saving Fund Soc.,
     111 N.J. 355 (1988).....................................8

Burbach Broad. Co. of Del. v. Elkins Radio Corp.,
     278 F.3d 401, 405-06 (4th Cir.2002).....................5

Cargill Global Trading v. Applied Dev. Co.,
     706 F. Supp. 2d 563, 579-580 (D.N.J. 2010)..............16

Cottrell v. Zagami, LLC,
     No. 08-3340 (JEI/AMD), 2010 U.S. Dist. LEXIS 63371, at *16
     (D.N.J. June 23, 2010).................................10

Dover Shopping Ctr., Inc. v. Cushman's Sons, Inc.,
     63 N.J. Super. 384, 391 (App. Div. 1960)................11

Gennari v. Weichert Co. Realtors,
     148 N.J. 582, 610 (1997)...............................11

Globe Motor Co. v. Igdalev,
     225 NJ 469, 472 (2016).................................7

Gonzalez v. Wilshire Credit Corp.,
     207 N.J. 557, 577 (2011)...............................14

Ieradi v. Mylan Lab., Inc.,
    230 F.3d 594, 600 n.3 (3d Cir. 2000).......................5

Ingraham v. Ortho-McNeil Pharma.,
    422 N.J. Super 12, 19-10 (App Div. 2011)..................8

In re Bayside Prison Litig.,
    190 F. Supp. 2d 755, 760 (D.N.J. 2002....................5

In re Westinghouse Sec. Litig.,
    832 F. Supp. 948, 964 (W.D.Pa. 1993), rev'd on other
    grounds, 90 F.3d 696 (3d Cir. 1996)......................5

Leang v. Jersey City Bd. of Educ.,
    198 N.J. 557 (2009)......................................8

Marjac, L.L.C. v. Trenk,
    No. 06-1440, 2009 U.S. Dist. LEXIS 59830, 2009 WL 2143686,
    at *9 (D.N.J. Jul. 14, 2009), rev'd on other grounds, No.
    09-3204, 380 Fed. Appx. 142, 2010 U.S. App. LEXIS 9947,
    2010 WL 1936267, (3d Cir. May 14, 2010)..................10

Monogram Credit Card Bank of Ga. v. Tennesen,
    390 N.J. Super. 123, 133 (App. Div. 2007)...............15

National Premium Budget Plan Corp. v. National Fire Ins. Co.,
    97 N.J. Super. 149, 227 (Law Div. 1967).................17

Noye v. Hoffmann-La Roche Inc.,
    238 N.J. Super. 430, 570 (App. Div. 1990)...............17

Pension Benefit Guar. Corp. v. White Consol. Indus.,
    998 F.2d 1192, 1197 (3d Cir. 1993).......................5

Phillips v. County of Allegheny,
    515 F.3d 224, 233 (3d Cir. 2008).........................6

Polk County v. Dodson,
    454 U.S. 312 (1981).....................................10

Rutgers Cas. Ins. Co. v. LaCroix,
    194 N.J. 515, 518 (2008)................................12

*Sons of Thunder, Inc. v. Borden, Inc.*,
    148 N.J. 396 (1997).......................................16

Sikkelee v. Precision Airmotive Corp.,
    731 F. Supp. 2d 429, 431 (M.D. Pa. 2010)..................6

Silver v. Mendel,
    894 F.2d 598, 606 n.16 (3d Cir. 1990)....................8

Suarez v. E. Intern. Coll.,
    428 N.J. Super. 10, 33 (App. Div. 2012)...............12,13

Thiedemann v. Mercedes-Benz USA, LLC,
    183 N.J. 234, 246-52 (2005)..............................15

Wade v. Kessler. Inst.,
    343 N.J. Super. 338, 586 (App. Div. 2001)...............17

Wigginton v. Servidio,
    324 N.J. Super. 114, 119-20, 123 (App.Div.1999)..........8

Wilson v. Amerada Hess Corp.,
    168 N.J. 236, 251, 773 A.2d 1121 (2001)..................18

Winslow v. Corp. Exp., Inc.,
    364 N.J. Super. 128, 141 (App. Div. 2003)...............12

**Regulations**

34 C.F.R. 668.71(b).........................................13

**Rules**

5C Fed. Prac. & Proc. Civ. § 1367 (3d ed.)...................4

Federal Rule of Civil Procedure 12(b)(6).....................5

Federal Rule of Civil Procedure 12(c)......................4,5

**Statutes**

20 U.S.C. § 1094............................................13

## PRELIMINARY STATEMENT

Isabella Wysocki attended high school at The Wardlaw-Hartridge School. During her senior year, a video was circulated and brought to administration's attention of her stating the words "fucking n\*\*\*er." Ms. Wysocki's use of the racial epithet and her failure to take accountability resulted in minor discipline being issued by The Wardlaw-Hartridge School. More specifically, Ms. Wysocki was not permitted to attend in-person classes or activities for the remainder of the academic year, nor attend the graduation ceremony.[1] Plaintiff's use of a racial epithet also resulted in the decision by Wagner College to rescind her admission and scholarship.

Thereafter, Plaintiffs filed a Complaint and then an Amended Complaint asserting twelve (12) total causes of action against various defendants including The Wardlaw Hartridge School, and Wardlaw-Hartridge School employees Andrew Webster, Christine Cerminaro, and Robert Bowman (collectively "Wardlaw-Defendants"). The crux of Plaintiffs' claim rest on the decision by Wagner College to rescind Ms. Wysocki's scholarship and admission; a decision the Wardlaw-Defendants had no part in.  All other causes of action appear to be secondary and Plaintiffs' attempt at vindication.

---

[1] While Isabella Wysocki was not permitted to walk in the graduation ceremony, she did graduate and receive her diploma in June 2021.

For the reasons set forth more fully in this brief, Plaintiffs will be unable to prevail under the following causes of action against the Wardlaw-Defendants: Count I (Breach of Contract) Count VI (Intentional Infliction of Emotional Distress), Count VII (New Jersey Civil Rights Act), Count VIII (Fraud), Count IX (New Jersey Consumer Fraud Act), and Count X (Breach of the Covenant of Good Faith and Fair Dealing) of the Amended Complaint and therefore these claims must be dismissed. Wardlaw-Defendants request that this Court grant this Motion for Partial Judgment on the Pleadings.

### STATEMENT OF FACTS

Plaintiff, Isabella Wysocki, is a former student of The Wardlaw Hartridge School. See Am. Complaint, ¶5. Ms. Wysocki attended The Wardlaw-Hartridge School from ninth through twelfth grade and graduated from The Wardlaw-Hartridge School earning her diploma in June 2021. Ibid. Ms. Wysocki also maintained a successful soccer career while attending The Wardlaw-Hartridge School. See Am. Complaint, ¶19. Ms. Wysocki was accepted into Wagner College and signed a Letter of Intent to play on Wagner's soccer team. See Am. Complaint, ¶ 19.

On January 3, 2021, James Gibbon, Wagner's Director of Admissions, and Philip Casella, the Head Coach of the Wagner women's soccer program received an e-mail which contained a video clip of Isabella Wysocki stating the words "fucking n***er." See

Am. Complaint, ¶ 14(d). The same video file was also published on "Wardlaw Uncensored," an Instagram account. Am. Complaint, ¶ 14(a). Notably, Plaintiffs concede that Isabella Wysocki "is in the video and the words are coming out of [Plaintiff's] mouth." See Am. Complaint, Ex. 27.

On January 4, 2021, Wardlaw-Defendants commenced an internal investigation which included interviewing Isabella Wysocki as well as numerous other Wardlaw students to determine: (i) whether Ms. Wysocki stated the words in the video, (ii) who recorded the video, (iii) whether the video was sent to Wagner College by a Wardlaw student, and (iv) who created the Wardlaw Uncensored Instagram account. See Am. Complaint, ¶ 15. In February 2021, a Judging Board Hearing was held as part of the fact-finding investigation. See Am. Complaint, ¶ 25. Following the Judging Board Hearing, the Head of School Andrew Webster held a meeting with Plaintiffs to ascertain additional facts and speak directly with Isabella Wysocki about the video clip. See Am. Complaint, ¶ 28.

Following the internal investigation, the Wardlaw-Defendants concluded that Isabella Wysocki used the words "fucking n***er" in the video clip. As a result of the findings and Ms. Wysocki's failure to be honest and take accountability for her actions, discipline was issued. See Am. Complaint, ¶ 30-31, 35, 40. The Wardlaw-Defendants elected not to expel Ms.

Wysocki, despite maintaining discretion and authority to do so. Rather the Wardlaw-Defendants determined that Ms. Wysocki would not be permitted to attend any in-person classes or activities for the remainder of the academic year and would not be permitted to attend the graduation ceremony, however Ms. Wysocki would graduate so long as she completed her coursework.[2] See Ibid. Ms. Wysocki graduated in June 2021. See Ibid.

Simultaneously, Wagner conducted its own independent investigation and also concluded that Ms. Wysocki stated the words "fucking n***er" in the video. See Am. Complaint, Exhibit 20. This finding resulted in Wagner rescinding Ms. Wysocki's admission and scholarship. Ibid.

## STANDARD OF REVIEW

Rule 12(c) states that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Rule 12(c) is designed to eliminate excessive litigation when material facts are not in dispute and a judgment on the merits may be derived solely from the content of the pleadings. See 5C Fed. Prac. & Proc. Civ. § 1367 (3d ed.).

A motion for judgment on the pleadings pursuant to Federal

---

[2] As an independent academic institution, The Wardlaw-Hartridge School maintains discretion to determine appropriate discipline on a case-by-case basis. The disciplinary policy states, in part, "[w]e believe that our internal punishment should be commensurate with the violation…" See Am. Complaint, ¶ 52; Exhibit 10.

Rule of Civil Procedure 12(c) is similar to a Federal Rule of Civil Procedure 12(b)(6) motion. See Burbach Broad. Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 405-06 (4th Cir.2002). Thus, the court assumes the factual allegations in the Complaint to be true and draws all reasonable factual inferences in Plaintiffs' favor as the nonmoving parties. See Id. at 406. Unlike on a Rule 12(b)(6) motion, however, on a Rule 12(c) motion the court may consider the Answer as well. The court may also consider material subject to judicial notice and documents referred to, or the subject of, the complaint, even if not attached to the complaint, so long as there is no dispute as to their authenticity. In re Westinghouse Sec. Litig., 832 F. Supp. 948, 964 (W.D.Pa. 1993), rev'd on other grounds, 90 F.3d 696 (3d Cir. 1996); In re Bayside Prison Litig., 190 F. Supp. 2d 755, 760 (D.N.J. 2002); See Ieradi v. Mylan Lab., Inc., 230 F.3d 594, 600 n.3 (3d Cir. 2000); Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1197 (3d Cir. 1993) (holding a court may consider materials outside the complaint without converting motions to dismiss into summary judgment motions).

The test applicable for judgment on the pleadings is whether or not, when viewed in the light most favorable to the party against whom the motion is made, genuine issues of material fact remain or whether the case can be decided as a matter of law. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir.

2008) (internal citation and quotations omitted). If upon reviewing the pleadings, it is clear that the plaintiff would not be entitled to relief under the facts, even if proven, the Court should dismiss the Complaint. <u>Sikkelee v. Precision Airmotive Corp.</u>, 731 F. Supp. 2d 429, 431 (M.D. Pa. 2010)

In the instant matter, accepting the factual allegations in the Amended Complaint as true, and drawing all inferences in Plaintiffs' favor, the following causes of action in the Amended Complaint must be dismissed as Plaintiff is not entitled to relief: Count I Breach of Contract, Count VI Intentional Infliction of Emotional Distress, Count VII Violation of the New Jersey Civil Rights Act, Count VIII Fraud, Count IX Violation of New Jersey Consumer Fraud Act, and Count X Violation of Covenant of Good Faith and Fair Dealing.

## **LEGAL ANALYSIS**

### **POINT I**

#### **COUNT I ALLEGING BREACH OF CONTRACT MUST BE DISMISSED BECAUSE THE STUDENT-PARENT HANDBOOK IS NOT A CONTRACT**

Count I must be dismissed since the Wardlaw Student-Parent Handbook is not a contract. Plaintiffs allege that the Wardlaw-Defendants breached a contract by violating the terms of the Wardlaw Student-Parent Handbook. Plaintiffs allege that Wardlaw-Defendants violated (i) the student discipline policy by disciplining Bella in a manner that was not commensurate with

Bella's conduct, (ii) the anti-bullying policy by failing to discipline the other students involved in the incident, and (iii) the award clause in the handbook by failing to grant Bella the "awards" she earned.

In order to prove a breach of contract, a party must demonstrate: (1) the parties entered into a contract containing certain terms; (2) plaintiff performed as the contract required but defendant did not, and thus breached the contract; and (3) the breach caused plaintiff to suffer a loss. <u>Globe Motor Co. v. Igdalev</u>, 225 NJ 469, 472 (2016).

The Student-Parent Handbook is not a contract but merely guidelines for students to abide by, therefore, there can be no breach. As such Count I of the Amended Complaint must be dismissed.

<u>**POINT II**</u>

**COUNT VI ALLEGING INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS MUST BE DISMISSED BECAUSE PLAINTIFF CANNOT PREVAIL UNDER THIS CLAIM**

Count VI must be dismissed because the facts, even if true, do not meet the elevated threshold required under a claim for intentional infliction of emotional distress.  To state a claim for intentional infliction of emotional distress: (1) the conduct must be extreme and outrageous; (2) the conduct must be intentional; (3) the conduct must cause emotional distress; and (4) the distress must be so severe that a reasonable person could

not be expected to endure it. Ingraham v. Ortho-McNeil Pharma.,
422 N.J. Super 12, 19-10 (App Div. 2011) *quoting* Buckley v. Trenton
Saving Fund Soc., 111 N.J. 355 (1988); Silver v. Mendel, 894 F.2d
598, 606 n.16 (3d Cir. 1990).

Crucial to a claim for intentional infliction of emotional
distress is a showing that the conduct is so "outrageous in
character, and so extreme in degree, as to go beyond all possible
bounds of decency, and to be regarded as atrocious, and utterly
intolerable in a civilized community." Ingraham, 422 N.J. Super at
16. This element is an elevated threshold that is satisfied only
in extreme cases. Ibid. Conduct found to meet the elevated
threshold in New Jersey includes: (1) a plaintiff's colleague
threatened to kill her students and had her removed from the school
in a public and dramatic manner, See Leang v. Jersey City Bd. of
Educ., 198 N.J. 557 (2009); (2) a supervisor and two co-workers at
a military facility surrounding the plaintiff and making comments
and gestures to suggest that she was to perform a sexual act on
the supervisor while the others watched, followed by a threatening
telephone call implying that the mafia would become involved if
the plaintiff pursued the subsequent investigation, See Wigginton
v. Servidio, 324 N.J. Super. 114, 119-20, 123 (App.Div.1999); and
(3) a landlord intentionally shutting off heat, running water, and
security in a rent-controlled building in an effort to induce the

tenants to vacate, See 49 Prospect St. Tenants Ass'n v. Sheva Gardens, Inc., 227 N.J. Super. 449, 455-57 (App.Div.1988).

Plaintiffs allege that Wardlaw-Defendants intentionally inflicted emotional distress upon Ms. Wysocki by requiring her to conclude the school year remotely, by allegedly delaying remittance of college recommendation letters and/or her transcript, and by allegedly failing to conduct an internal investigation regarding the video clip of Ms. Wysocki using the n-word. Even treating the facts as true, none of this conduct would rise to the elevated threshold of extreme and outrageous conduct, and no discovery in this matter would demonstrate otherwise. Accordingly, Count VI alleging Intentional Infliction of Emotional Distress must be dismissed.

## POINT III

### COUNT VII ALLEGING A VIOLATION OF THE NEW JERSEY CIVIL RIGHTS ACT MUST BE DISMISSED AS THE WARDLAW-DEFENDANTS HAVE NOT ACTED UNDER COLOR OF LAW

Count VII of the Amended Complaint must be dismissed as the Wardlaw-Defendants have not acted "under color of law", and therefore no cause of action can be plead.

Private claims under the New Jersey Civil Rights Act ("NJCRA") are limited to claims against individuals who were acting "under color" of state law. The phrase "under color of law" refers to those exercising "power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority

of state law." Polk County v. Dodson, 454 U.S. 312 (1981); See Marjac, L.L.C. v. Trenk, No. 06-1440, 2009 U.S. Dist. LEXIS 59830, 2009 WL 2143686, at *9 (D.N.J. Jul. 14, 2009) (that NJCRA does not permits private suits against private persons absent state action), *rev'd on other grounds,* No. 09-3204, 380 Fed. Appx. 142, 2010 U.S. App. LEXIS 9947, 2010 WL 1936267, (3d Cir. May 14, 2010); See also Cottrell v. Zagami, LLC, No. 08-3340 (JEI/AMD), 2010 U.S. Dist. LEXIS 63371, at *16 (D.N.J. June 23, 2010).

The Wardlaw-Hartridge School is a private, independent academic institution and therefore its employees are not government actors. As such, a cause of action alleging violation of privileges and immunities under the NJCRA cannot be brought against the Wardlaw-Defendants. Count VII alleging a violation of the NJCRA must be dismissed.

## POINT IV

### COUNT VIII ALLEGING FRAUD MUST BE DISMISSED AS PLAINTIFFS CANNOT PREVAIL UNDER THIS CLAIM

Count VIII of the Amended Complaint must be dismissed as there is no viable cause of action for fraud which has been plead.

Plaintiffs fail to plead this cause of action with particularly however it is assumed that Plaintiffs are alleging legal, not equitable fraud. To prove legal fraud, five elements must be satisfied: (1) a material misrepresentation of a presently

existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that plaintiff rely on it; (4) reasonable reliance thereon by plaintiff; and (5) resulting damages. Gennari v. Weichert Co. Realtors, 148 N.J. 582, 610 (1997). Fraud claims cannot ordinarily be predicated on representations which involve things to be done in the future. Anderson v. Modica, 4 N.J. 383, 392 (1950); Dover Shopping Ctr., Inc. v. Cushman's Sons, Inc., 63 N.J. Super. 384, 391 (App. Div. 1960).

Plaintiffs' assert that the policies set forth in the Wardlaw Student-Parent Handbook were misrepresentations used to induce Plaintiffs to enroll into The Wardlaw-Hartridge School. First, fraud claims cannot be predicated on conduct which is to be done in the future as Plaintiffs are alleging. See Anderson, *supra*, 4 N.J. at 392. Second, even accepting all facts as true, Plaintiffs cannot show that the policies in the Handbook are material misrepresentations under the law, or that Plaintiffs relied on the policies when they enrolled Isabella Wysocki into Wardlaw-Hartridge School.

### 1. Plaintiffs Will Not Be Able to Demonstrate That The Policies Are Material Misrepresentations

A statement or matter is material if:"(a) a reasonable man would attach importance to its existence in determining his choice of action . . .; or (b) the maker of the representation knows or

has reason to know that its recipient regards or is likely to regard the matter as important in determining his choice of action, although a reasonable man would not so regard it." Suarez v. E. Intern. Coll., 428 N.J. Super. 10, 33 (App. Div. 2012). The courts have found a material misrepresentation where a party intentionally and deliberately lied about or omitted a vital fact which caused damage to the recipient. Winslow v. Corp. Exp., Inc., 364 N.J. Super. 128, 141 (App. Div. 2003) (court found employee made material misrepresentation by deliberately failing to disclose a change in the method of calculation of the commissions paid to defendant's sales representatives for the purpose of inducing the sales representatives to continue working with the expectation that they would receive the same level of commissions); Rutgers Cas. Ins. Co. v. LaCroix, 194 N.J. 515, 518 (2008) (material misrepresentation found where the insured intentionally omitted of his daughter's name from the insurer's application to avoid higher premiums).

Plaintiffs will not be able to demonstrate that the policies set forth in the Student-Parent Handbook are material misrepresentations. First, in order to be material, Plaintiffs would need to allege - which they have not - that the reason they enrolled Isabella Wysocki into Wardlaw-Hartridge School was due in whole, or significant part, to the anti-bullying and discipline policies, rather than based on the school's academic program and

12

sports programs. Second, Plaintiffs cannot show that the policies in the Handbook are lies or omissions. The policies merely set forth guidelines which are to be followed by students, parents/guardians, and employees including the anti-bullying, anti-harassment, and discipline policies.

In the context of an academic institution, Courts have looked to the Department of Education regulations pursuant to 20 U.S.C. § 1094 and 34 C.F.R. 668.71(b) which prohibit certain academic institutions from making misrepresentations to prospective students, in order to determine if conduct by an academic institution constitutes a material misrepresentation. See Suarez, *supra*, 428 N.J. Super. at 35. 34 C.F.R. 668.71(b) states, in pertinent part,

> "An eligible institution is deemed to have engaged in substantial misrepresentation when the institution itself, [or] one of its representatives, . . . makes a substantial misrepresentation regarding the institution, including about the nature of its educational program, its financial charges, or the employability of its graduates."

Here, Plaintiffs do not allege that the Wardlaw-Defendants made misrepresentations about the curriculum, the academic program, or tuition. Rather, Plaintiffs state that the discipline and anti-bullying policies are material misrepresentations. As set forth, policies and procedures which are followed by the school

are not material misrepresentations and therefore cannot form the basis of a fraud claim.

**2. Plaintiffs Cannot Demonstrate That They Relied On The Policies For Purposes of Enrolling Isabella Wysocki Into The Wardlaw-Hartridge School**

Plaintiffs do not plead facts which demonstrate that the Wardlaw-Defendants intended for Plaintiffs to rely on the anti-bullying and discipline policies in the Handbook in order to induce Plaintiffs to enroll into The Wardlaw-Hartridge School. The Wardlaw-Hartridge School is an independent academic institution. Its attendees enroll to receive an education, and in most cases, a high school diploma. Isabella Wysocki attended The Wardlaw-Hartridge School for four years and received a high school diploma. Plaintiffs cannot demonstrate how this is fraudulent conduct.

Count VIII alleging fraud must be dismissed.

<u>**POINT V**</u>

**COUNT IX ALLEGING A VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT MUST BE DISMISSED AS PLAINTIFFS CANNOT PREVAIL UNDER THIS CLAIM**

To state a New Jersey Consumer Fraud Act ("NJCFA") claim, a consumer must plead (1) an unlawful practice; (2) an ascertainable loss; and (3) a causal relationship between the two. <u>Block v. Seneca Mortg. Servicing</u>, 221 F. Supp. 3d 559, 593-595 (D.N.J. 2016) (citing <u>Gonzalez v. Wilshire Credit Corp.</u>, 207 N.J. 557, 577 (2011)). There are three different categories of an unlawful

practice under an NJCFA claim : (1) "[a]n affirmative misrepresentation, even if unaccompanied by knowledge of its falsity or an intention to deceive"; (2) "[a]n omission or failure to disclose a material fact, if accompanied by knowledge and intent"; and (3) "violations of specific regulations promulgated under the [NJCFA]," which are reviewed under strict liability. Block, 221 F. Supp. 3d at 593 (citing Monogram Credit Card Bank of Ga. v. Tennesen, 390 N.J. Super. 123, 133 (App. Div. 2007)) (internal citations omitted).

Plaintiffs have not plead facts which demonstrate an unlawful practice or an ascertainable loss. Plaintiffs allege Wardlaw-Defendants falsely advertise to consumers through the Student-Parent Handbook. As set forth above, Plaintiffs cannot demonstrate that the policies set forth in the Handbook are misrepresentations or fraudulent.

Additionally, Plaintiffs have failed to sufficiently plead an "ascertainable loss." Under the NJCFA, a plaintiff must "demonstrate a loss attributable to conduct made unlawful by the [NJ]CFA," which is "quantifiable or measurable," and not merely "hypothetical" or "speculative." Thiedemann v. Mercedes-Benz USA, LLC, 183 N.J. 234, 246-52 (2005). Significantly, a plaintiff must proffer enough specificity to afford defendants with notice of his or her possible damages. Here, Plaintiffs fail to allege that Wardlaw-Defendants have caused any damages. The only harm

Plaintiffs allege is that Plaintiff Isabella Wysocki's admission at Wagner College was rescinded. This conduct was not undertaken by Wardlaw-Defendants.

Count IX must be dismissed.

**POINT VI**

> **COUNT X ALLEGING A VIOLATION OF THE COVENANT OF GOOD FAITH AND FAIR DEALING MUST BE DISMISSED AS THE PARENT-STUDENT HANDBOOK IS NOT A CONTRACT AND PLAINTIFFS WERE NOT DENIED A BENEFIT OF THE BARGAIN**

As set forth *supra*, Plaintiffs cannot sustain a cause of action for breach of contract as the Handbook is not a contract. Similarly, Plaintiffs cannot sustain a cause of action for violation of covenant of good faith and fair dealing under the same facts.

Under New Jersey law, every contract contains an implied covenant of good faith and fair dealing. Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Assoc., 182 N.J. 210 (2005); Sons of Thunder, Inc. v. Borden, Inc., 148 N.J. 396 (1997). Notably, "[t]o determine whether there has been a breach of this implied covenant, a court must consider the express language of the contract as well as any course of dealing between the parties. Cargill Global Trading v. Applied Dev. Co., 706 F. Supp. 2d 563, 579-580 (D.N.J. 2010).

In order to succeed on a claim for breach of the covenant of good faith and fair dealing, a plaintiff must prove that: (1) a contract exists between the plaintiff and the defendant; (2) the plaintiff performed under the terms of the contract [unless excused]; (3) the defendant engaged in conduct, apart from its contractual obligations, without good faith and for the purpose of depriving the plaintiff of the rights and benefits under the contract; and (4) the defendant's conduct caused the plaintiff to suffer injury, damage, loss or harm. <u>Wade v. Kessler. Inst.</u>, 343 N.J. Super. 338, 586 (App. Div. 2001). It is well settled that **"[i]n the absence of a contract, there can be no breach of an implied covenant of good faith and fair dealing."** <u>Noye v. Hoffmann-La Roche Inc.</u>, 238 N.J. Super. 430, 570 (App. Div. 1990)(Emphasis added).

As set forth *supra*, the Student-Parent Handbook is not a contract between the parties, therefore no cause of action for a breach of the covenant of good faith and fair dealing can exist. However, assuming *arguendo*, that this Court finds that there is a contract between the parties, Plaintiffs still cannot prevail under this claim. <u>See</u> <u>Wade v. Kessler Inst.</u>, 172 N.J. 327, 345 (2002) ("An implied contract  must be found before the [finder of fact] could find that the implied covenant of good faith  and fair dealing had been breached."); <u>National Premium Budget Plan Corp. v. National Fire Ins. Co.</u>, 97 N.J. Super. 149, 227 (Law Div. 1967)

17

(If a contract is implied its terms are determined from all the acts of the parties).

When claiming a breach of the covenant of good faith and fair dealing, a party must show "proof of bad motive or intention . . . sufficient to support a conclusion that the party alleged to have acted in bad faith has engaged in some conduct that denied the benefit of the bargain originally intended by the parties." Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Assocs., 182 N.J. 210, 224 (2005) (*quoting* Wilson v. Amerada Hess Corp., 168 N.J. 236, 251, 773 A.2d 1121 (2001). Specifically, "[g]ood faith conduct is conduct that does not violate community standards of decency, fairness or reasonableness." Brunswick Hills Racquet Club, Inc., 182 N.J. at 224-225. The court has held that it "cannot catalogue the myriad forms of conduct that may constitute a violation of the covenant of good faith and fair dealing. Each case is fact-sensitive." Id.

Here, Plaintiffs cannot demonstrate that Wardlaw-Defendants acted with bad motive or intention or that Plaintiffs have been denied a benefit. The Wardlaw-Hartridge School is an academic institution. The only cognizable agreement between the parties is that Plaintiffs enrolled Isabella Wysocki into The Wardlaw-Hartridge School to receive and education and graduate with a high school diploma. In exchange, The Wardlaw-Hartridge School provided an education and the opportunity to graduate. Plaintiffs do not

allege that Isabella Wysocki was deprived of an education, the opportunity to graduate, or the ability to play soccer. Rather, Plaintiffs have alleged in the Amended Complaint that the Wardlaw-Defendants violated the anti-bullying policy, discipline policy and awards policy in the Student-Parent Handbook. Even assuming the Wardlaw-Defendants did violate these policies (which they did not), Plaintiffs cannot demonstrate how this deprived Plaintiffs of a benefit and breached the covenant of good faith and fair dealing.

Count X must be dismissed.

## CONCLUSION

For the foregoing reasons, the Wardlaw-Defendants respectfully request that Count I, Count VI, Count VII, Count VIII, Count IX and Count X of the Amended Complaint be dismissed.


Respectfully submitted,

By: */s/ Stefani C Schwartz*
Stefani C Schwartz, Esq.
HATFIELD SCHWARTZ LAW GROUP LLC
Attorneys for Defendants,
The Wardlaw-Hartridge School,
Christine Cerminaro, Robert M.
Bowman, and Andrew Webster