**TOMAS ESPINOSA, Esq.**
**Attorney at Law**
**8324 Kennedy Blvd. 2ⁿᵈ Floor**
**North Bergen, NJ 07047**
**Tel: (201) 223-1803/ Fax: (201) 223-1893**
**E-mail:** attespinosalawfirm@gmail.com
**E-mail:** te@lawespinosa.com

**N.J. Bar. Att. Id. No. 025691985**                                    **N.Y. Bar**

February 8, 2022.

**The Hon. Judge William J. Martini, U.S.D.J.**
United States District Court
Martin Luther King Jr. Courthouse
50 Walnut Street Courtroom 4B
Newark, NJ 07101

**Re:    Isabella Wysocki et al. v. The Wardlaw Hartridge School et al.**
**United States District Court for the District of New Jersey**
**Civil Action 2:21-cv-14132**
**Plaintiffs' Opposition to Defendants' Motion for Judgement on the Pleadings (Partial)**
**Pursuant to FRCP 12(c)**

Dear Judge Martini:

This office represents the plaintiffs in the above-mentioned action.

Please accept this letter in lieu of a formal brief or memorandum of law in opposition to

the movants defendants The Wardlaw Hartridge School's motion for judgment on the pleadings

under *F.R.C.P. 12(c).*

**<u>INTRODUCTION</u>**

A motion under *F.R.C.P. 12(c)* is a motion for judgment on the pleadings that is the

equivalent to an *F.R.C.P. 12(b)(6)* motion except that this last one is procedurally brought before

the filing by the moving party of a responsive pleadings, and is usually the first appearance made

before answering the complaint and asserting defenses, counterclaim and third party complaint

with the pleadings.

A motion under *F.R.C.P. 12(c)* however is filed after the initial pleadings have been filed

1

and served.

The plaintiffs submit to You honor that rather than subjecting you to a re-reading and exposition of the content of the complaint, the best statements of the content of the complaint is the documents itself because it is not the paraphrasing of its content but the content themselves in the complaint as stated in it, the subject matter of the motion. Therefore, we ask the court to go to the said pleadings, for its contents the paraphrase by the movants is not controlling but only the language itself of the complaint.

## STATEMENT OF FACTS

The complaint is herein incorporated as the statements of facts for this letter in lieu of a brief or memorandum of law in opposition to the movants' motion. The complaints are composed by the body of the complaint and the exhibits attached thereto. Where the language of the complaint states something different than the paraphrase of the movants, we object to such language.

## STATEMENT OF PROCEDURAL HISTORY

The Plaintiffs incorporated the entries of the Electronic Filing Docket Pacer as their statements of procedural history.

## PREFACE

Although, Magistrate L. Waldor, U.S.M.J. allowed the present motion despite the plaintiffs' opposition, since the movants had filed an answer to the complaint and discovery have not been initiated by the parties, the movants did not file an **FRCP 12(b)(6)** motion and seeks a *FRCP 12(c)* motion. The movants were in default when they filed their answer to the complaint, and there was no consent for their late filing not a motion by the movants to vacate the default.

A motion under **FRCP 12(c)** "comes to the same thing as a motion for dismissal under

2

*FRCP 12(b)(6)* and that offer the two are interchangeable". *Richards v. Mitchef, 696 F.3d 636 (7th Cir. 2012),* the defendant is seeking to have the equivalent to a motion for summary judgment under *FRCP 56* without all of the safeguards conditions of a motion for summary judgment, such as completion of discovery (including depositions) and also without the safeguards of leave to amend the pleadings that case law provides under *FRCP 12(b)(6).* In short, the defendants are seeking to have the equivalent to a motion for summary judgment without discovery and any of the caveats that both *FRCP 56* and *FRCP 12(b)(6)* provide for example, when leave is necessary, the plaintiffs response to an *FRCP 12(b)(6)* motion should request that if the court grants the motion to dismiss and the court, it should grant the plaintiffs leave to amend. *Nakahata v. New York Presbyterian Health Care Sys. , 723 F.3d 192, 198 (2d. Cir. 2013).* In respect to *FRCP 56* a cursory review of the rule and case law shows the matters that are obviated by use of rule 12(c) and, that are not present in and *FRCP 12(c)* as compared with *FRCP 56* despite the similarity of effects of the two rules. Entry of summary judgment is to be made after adequate time for discovery. *Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986*).

Under *FRCP 12(b)(6)* any material beyond the language of the four corner of the complaint can be considered only if the motion is to be converted to a motion for summary judgment.

We submit to the court that the exhibits attached to the verified complaint are no attached as proof but as illustrative material of the allegations in the complaint, not for the probative purpose that will give rise to a motion for summary judgment. *Geinosky v. City of Chi, 675 F.3d 743, 745 n.1 (7th Cir. 2012*) " a motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under *Rule 12(b)(6).* " *Akerson v. Beam, LLC, 589 F.3d 196, 209 (5th Cir. 2009*) and *HDC, LLC v. City of Ann Arbor, 675 F.3d 608, 611 (6th Cir.*

*2012).*

We reiterate to the court that there has been no discovery, beyond the ***FRCP 26*** exchange. Furthermore, a motion under ***Rule 12(c)*** can only be permitted after the pleadings have closed. ***Perez v. Wells Fargo, 774 F.3d 1329 (11th Cir. 2014).*** As will be explained below the pleadings have not closed.  It is clear that the defendants want to avoid discovery because of what discovery will entail.

This would be highly prejudicial to the plaintiffs because all fact laden cases are decided not only on the materials in possession of plaintiffs but on those obtained on discovery including the deposition testimony of parties and witnesses, but a ***FRCP 12(c)*** motion without any safeguards could result in the preclusion of the discovery process.

Judgment on the pleadings under ***Rule 12(c)*** will not be granted "unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." ***Kruzits v. Okuma Mach. Tool, Inc., 40 F.3d 52, 54 (3d Cir. 1994)*** (internal citations and punctuation omitted). As a result, a ***Rule 12(c)*** motion will not be granted if plaintiffs answer, "raises issues of fact that, if proved, would defeat recovery." ***5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure ("Wright & Miller") § 1368 (3d ed. 2004)***. In reviewing a ***Rule 12(c)*** motion, the Court "must view the facts in the pleadings and the inferences therefrom in the light most favorable to the nonmoving party." ***Jablonski v. Pan American World Airways, Inc., 863 F.2d 289, 290-91 (3d Cir. 1988)*** (internal quotations and citation omitted). This still is the law even if qualified by ***Twombly*** and ***Iqbal***.

Despite the fact that as a threshold matter, this Court must decide how to evaluate a Defendants' ***Rule 12(c)*** motion, district courts have the discretion to treat a motion for judgment

on the pleadings as a motion for summary judgment by accepting evidence submitted by the parties outside the pleadings. *Fed. R. Civ. P. 12(d); see Wright & Miller, at § 1371.* A district court need not convert a *Rule 12(c)* motion if the court excludes all matters outside the pleadings when deciding the motion. Id.; see *McBurney v. Cuccinelli, 616 F.3d 393, 409-10 (4th Cir. 2010)* ("'[N]ot considering such matters is the functional equivalent of 'excluding' them.'") (citation omitted).  However, what is significant is that the defendants have answered the verified complaint and are seeking the equivalent of a motion for summary judgment when there has not been any factual discovery beyond the FRCP 26 exchanged.

Defendants request to file a motion to dismiss the counts under *Rule 12(c)* must be denied because plaintiffs complaint it fully factually describes the allegations against the present defendants, and the defendants are simply seeking to fill their failure to file a *Rule 12(b)(6)* motion.

*Rule 12(c)* permits a party to move for judgment on the pleadings "after the pleadings are closed - but early enough not to delay trial." *Fed. R. Civ. P. 12(c)*. Here the pleadings are not closed, since Defendant Wagner has pending a *FRCP 12 (b)(6)* motion, and it has not filed an answer to the pleadings and still there is a defendant absconding from service and defendant Nadia Valcourt is absconding and avoiding service. Therefore, the pleadings are not closed. Though procedurally it applies later in a case than a *Rule 12(b)* motion, which may be filed in lieu of a responsive pleading, a motion brought under *12(c)*  for judgment on the pleadings is governed by the same standard applicable to *Rule 12(b)(6)* motions. *Turbe v. Gov't of the V.I., 938 F.2d 427, 428 (3d Cir. 1991).* The Court must therefore evaluate whether the Amended Complaint pleads "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007)*. Of course,

the Court accepts all well-pleaded allegations as true and draws all reasonable factual inferences in favor of Plaintiffs. ***Id. at 1965; Turbe, 938 F.2d at 428.*** On such ***12(c)*** motion, it must determine "whether the claimant is entitled to offer evidence in support of the claims," not whether the claims will ultimately be meritorious. ***Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)).*** However, unless the plaintiffs are provided the leave to amend the complaint, it will have the effect of a motion under ***FRCP 56*** without the safeguards and the details process of affidavits and statements of material facts that require discovery..  See also ***In Merck & Co. Inc. Sec. Derivative & ERISA Litig. 2009 U.S. Dist. Lexis 22923 (2009).*** Clearly the offering of evidence to support the claims is a function of discovery.

This case, however, is a case in which allegations against Wardlaw are fraught with facts that are material to the claims, since a motion under ***FRCP 12(c)*** is sought as if it were in fact a motion for summary judgment made without discovery,  " A motion for judgment on the pleadings should be granted if the movant establishes that "there are no material issues of fact, and he is entitled to judgment as a matter of law" and as stated above, this would be a motion for summary judgment without discovery. We submit that if the motion is granted, the same opportunity given to the granting of a motion under ***FRCP 12(b)(6)*** leave to amend the verified complaint and the motion granted if applicable without prejudice.

A defendant may move to dismiss a complaint or parts of a complaint before or after filing an answer. ***Hackensack Riverkeeper, Inc. v. Delaware Ostego Corp., 450 F. Supp. 2d 467, 484 (D.N.J. 2006);*** see ***Fed. R. Civ. P. 12(b)(6)*** and ***(c).*** A motion made before an answer is filed is a motion to dismiss pursuant to ***Federal Rule of Civil Procedure 12(b)(6),*** and a motion made after an answer is filed is a motion for judgment on the pleadings pursuant

to *Federal Rule of Civil Procedure 12(c). Hackensack Riverkeeper, Inc., 450 F. Supp. 2d at 484.* Clearly, the defendants by answering the verified complaint showed that in light of the allegations in the complaint, there was no ground for an *FRCP 12(b)(6)* motion and now are seeking for an equivalent to a *FRCP 56* motion without the benefit of discovery, this is simply a move to tax the resources of the plaintiffs with a motion that should be brought only after discovery has advanced and with the requirements of an *FRCP 56*. This motion under *FRCP 12(c)* will also be taxing on the court time and resources, but more important is to decide the case without the opportunity for discovery.

 *Rule 12(b)(6)* provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005*). In deciding a motion to dismiss under *Rule 12(b)(6),* a court must take all well-pleaded allegations in the complaint as true, view them in the light most favorable to the plaintiff, and determine whether the plaintiff has pleaded sufficient factual matter to show that the claim is facially plausible. See *Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011)* (citations and quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).*

 This same standard is applied to *Rule 12(c)* motion for the judgment on the pleadings when the motion is based on the defense that the plaintiff has failed to state a claim. *Zimmerman v. Corbett, 873 F.3d 414, 417 (3d Cir. 2017*). "A motion for judgment on

the pleadings should be granted if the movant establishes that 'there are no material issues of fact, and he is entitled to judgment as a matter of law.'" *Id. at 418 (quoting Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005)).*  Despite *Twombly* and *Iqbal*, the language of case law is tantamount to permitting a motion for summary judgment without discovery.

In addition, we submit to the court that pleadings have not been closed as stated above, the time for filing of any such motion is premature. We have pending motions on the pleadings, not filing of answer, and there is the actively effort to locate Nadia Valcourt who is also a defendant. See *Progressive Cas. Ins. v. Estate of Crone, 894 F. Supp. 383, 385 (D.Kan. 1995).* We are not here in the presence of an added after defendants, and no complaint served on a third party by the defendants that would deny that the pleadings stage has been finalized.  (See *Moran v. Peralta Community College Distr. 825 F. Supp. 891, 894 (N.D. Calif. 1993)* and *Starmakers Pub. Corp. v. ACME Fast Freight, Inc., 615 F. Supp. 787 (S.D.N.Y. 1985).*

In addition, the court should notice that the case was filed on July 15, 2021 in the Superior Court of New Jersey, Union County, upon service on defendants, the Wardlaw Defendants filed on July 26, 2021 a request for removal of the State action to the Federal Court and now almost 6 months after this motion is being sought to be filed (the defendant Wardlaw is not in the same position as Wagner which was served on July 21, 2021 in respect to the time to answer but requested and was granted by plaintiff an extension of time to answer or otherwise respond up to October 25, 2021.

Defendants Wardlaw was served, made an application for extension up to August 9, 2021 (Pacer Docket No. 3 filed on 07/27/21) and Defendants Wardlaw was in default when they filed their answer on August 30, 2021 (Pacer Docket No. 5 ).

The standard for the motion are those of Rule 12(b)(6), however, the discovery nature of

the statement of facts is used in violation of the requirements of personal knowledge under local Rule 7 for example it states that "on January 4, 2021, Wardlaw defendants commenced an internal investigation which included interviewing Isabella Wysocki as numerous other students to determine:

    a)  whether Ms. Wysocki stated the words in the video,

    b)  who recorded the video

    c)  whether the video was sent to Wagner College by a Wardlaw student and

    d)  who created the Wardlaw Uncensored Instagram account.

First, this is the attorney for the movants declaring, without conformity with local rule 7.2 and second, this is material beyond the pleadings, again, in violation of the requirements made under ***FRCP 12(b)(6)***. However, it continues in the same paragraph, describing the investigation, the findings of the investigation and while it cites part of the complaint, the details of that investigation and how it was done are not part of the complaint, as claimed in the complaint.

       What is continuously done in this document to recast the fact stated in the complaint, while using some partial short quotations for the complaint, to make the writer testify without affidavit or certification and clearly, violating the standards of review applicable to FRCP 12(c) motions, adding conclusions in violation of FRCP 12(b)(6) standards.

       At the outset the plaintiffs also object to the statement that "the court can take into consideration for the motion documents referred to, or the subject of, the complaint, even if not attached to the complaint as long as there is no dispute as to their authenticity."  However, there is no identification of what these materials are out of the complaint that a dispute about their authenticity could be raised.  To the extent that these are not part of the documents in the complaint and exhibits attached thereto are disputed by the plaintiffs because they are not the

result of discovery, but made the grounds for this testifying without certification, affidavits, and documents. Also because even if there were made part of the certifications and affidavits, they are not part of the four corners of the verified complaint.   What is being sought here is to make a motion for summary judgment without converting the **FRCP 12(c)** into such a motion, because allegedly there are not copies of extraneous material to the pleadings but while introducing as facts material that are not certified as facts under local rules, in the arguments disincentive rending and narrative.

The above statements in the Statements of Facts of the brief are clearly extrinsic evidence. A summary judgment motion that depends on the pleadings and the exhibits o the complaints function as an **FRCP 12(c)** motion for judgment motion that depends on the pleadings and the exhibits o the complaint functions as an **FRCP 12(c)** motion for judgment on the pleadings. ***Dyal v. Union Bag Camp Paper Corp., 263 F.2d 387,391 (5th Cir. 1959***), but the methods of the brief to include matter beyond the pleadings as if they were facts by way of arguments, extrinsic facts, without expressly stating that is a motion for summary judgment. This is a violation of the standards of decision of **FRCP 12(c)** as exemplified by the criteria of **FRCP 12(b)(6).**

### *CRITERIA OF DECISION*

The plaintiffs incorporate the statements in the preface as part of the criterial of decision. At the outset the motion of the defendants seeks to incorporate material that are not included in the four corners of the verified complaint, for example, noting in the complaint includes the Note 2 in page 4 of the defendants' brief which are comments presented to the court as part of the complaint when they are not, while making without the benefit of a complete quotation, an exhibit of the complaint that cited in its entirety, but used to state matter beyond the verified

complaint statement about " The Wardlaw Hartridge School maintains discretion to determine appropriate discipline on a case by case basis" and then it goes to state a short quotation of part of paragraph 52 of the verified complaint, and cites Exhibit # 10.

52. The same Wardlaw- Hartridge Student and Parent's Handbook in its section on disciplinary policy, at page 15 states "we believe that our internal punishment should  be commensurate with the violation and that when good standing is renewed the incident is complete. The punishment imposed on Bella was not commensurate with the alleged offense and despite her graduation the incident was never complete as what under the contract it should have been in violation of its expressed provisions.

However, what is not part of the complaint are these comments that refer to the Wardlaw maintaining discretion and discipline on a case-by-case basis.

## *POINT I*

### *THE LANGUAGE IN THE STUDENT PARENT HANDBOOK MAKES IT A CONTRACT, BECAUSE IT INCORPORATES THE HANDBOOK BY REQUIRING THE SIGNATURE OF THE PARENTS*

The defendants make the naked assertions that the handbook is not part of the contract of enrollment. This statement is factually incorrect.

The complaint states at paragraph 51 that the defendant Wardlaw Hartridge Parent Handbook was made part of the enrollment contract with the parents that signed the enrollment contract which states that the parents had read the Handbook (Exhibit # 10 of the Handbook).

51. The Wardlaw Hartridge Student and Parent's Handbook was made part of the enrollment
    contract with the parents that signed the enrollment contract which states that the parents
    had read the Handbook 2019-2020 (*Exhibit # 10*) and are made part of that agreement,
    the pertinent portion cited herein of the Handbook at page 16 bottom paragraph section
    on deportment and social expectations. Bella is an intended third-party beneficiary of the
    enrollment contract.

The handbook governs the students, and is the statement of what the parents are to expect from the defendants and all matters stated therein.

The need to have the parents to sign that they had read it is a statement from Wardlaw that as part of the contract of enrollment, parents, students, and Wardlaw are bound by it. Three is no disclaimer in the Handbook as it happens in employees handbooks that seek to avoid the employees handbook to be part of the employment contract. They are not simply guidelines if it were it would be part of the enrollment contract with the parents.

The claim that they are guidelines would not necessitate the signature in the contract of enrollment by the parents. This is however, and issue of fact is there a disclaimer in the handbook, is there a disclaimer in the enrollment contract?.

The understanding of the plaintiffs is that this was part of their enrollment contract (the complaint is verified). The allegations are that the failure to observe the provisions on the handbook violated the contract. There are no bases on the naked assertion in a brief to enter a judgment on the pleadings. This violations in the complaint of the contractual provisions of the handbook are beyond solely not giving her the awards won but paragraph 52 about punishment, paragraph 53 about bullying violated by agents, servants, and employees.

52. The same Wardlaw- Hartridge Student and Parent's Handbook in its section on disciplinary policy, at page 15 states "we believe that our internal punishment should be commensurate with the violation and that when good standing is renewed the incident is complete. The punishment imposed on Bella was not commensurate with the alleged offense and despite her graduation the incident was never complete as what under the contract it should have been in violation of its expressed provisions.

53. The Wardlaw Hartridge Student and Parent's Handbook has sections on Bullying, Cyber Bullying and Harassment at page 15 and 16 of the Handbook, the Defendant Wardlaw and its agents, servants, employees  and officers have violated this sections of the handbook and are in breach of the contract of enrollment signed by the Plaintiffs James and Racquel and in breach of the same contract as to the intended third-party beneficiary of the contract Plaintiff Bella.

A contract of enrollment that incorporated the handbook between the parents of Isabella and the defendants for which Isabella was the third-party beneficiary. See also paragraphs 54, 55, 56, 57 for all the violations of the handbook.

54. The Wardlaw Hartridge Student and Parent's Handbook has a section on Social Network Policy/ Cyber Bullying including texting, the conduct of the "Wardlaw Uncensored" affecting the school community by threats, bullying, or harassing a

19

community member or damaging the school reputation, the defendant Wardlaw school and its personnel are in breach of this section page 24. The actions and omissions in violation of this paragraph and pages  by the school and personnel in failing to investigate discipline and prosecute the perpetrators of these bullying  are in breach of the contract of enrollment with Plaintiffs where Bella is an intended beneficiary.

13

55. The Wardlaw Hartridge Student and Parent's Handbook prohibits the use of electronic devices that capture images, sound or video at page 25 without written permission from appropriate faculty or staff members, the school violated by the email of imposition of Webster all of the above and these provisions. The school, and its personnel are in breach of the contract of enrollment with the Plaintiffs, Bella is an intended beneficiary of the enrollment agreement.

56. The Wardlaw Hartridge Student and Parent's Handbook also has the provisions of the awards to be granted, the school failed to grant Bella the awards that were hers based on the failure to have a commensurate punishment to the alleged offense that were not conditioned on her alleged views but on her sports performance. The school and its personnel breached the enrollment contract in failing to grant the awards and recognition for Bella's outstanding performance damaging Plaintiffs and Plaintiff Bella as the intended beneficiary of the contract. (See *Exhibit # 28* attached hereto). The persecution of Bella by the Defendant Wardlaw and its personnel went to the no provision when requested transcripts and providing them without indication that she had graduated. (See *Exhibit # 28*) .

57. The Wardlaw Hartridge Student and Parent's Handbook (*Exhibit # 10*) at Page 15 states " In a learning environment, it is important to be able to have a free exchange of ideas",

section on academic honesty.  Free exchange of ideas is not possible without freedom of speech. In penalizing free speech the Wardlaw school violated the contract of enrollment and is in breach to plaintiffs and Bella as an intended beneficiary of the contract.

## *POINT II*

## *THE INTENTIONAL INFLICTION OF*

## *EMOTIONAL DISTRESS SHOULD NOT BE DISMISSED*

The conduct was outrageous a minor child without the presence of her parents was subjected to intentional and willful accusation, vindictive, incommensurate, sought to exclude the witnesses of the family, the parents were barred from all hearings, plaintiff Isabella was at the mercy of the perpetrator of the outrage, failed to investigate, allowed the information to leak,

14

took coercive steps, violated plaintiff Isabella's free speech under the state constitution. Violated all of her protection to Isabella as per the handbook, did not allow her to attend to graduation ceremony, allowed her to be persecuted by a racist enclosure in the school.

The court can read the factual make up that led to the counts, these are factual allegations and outrageous conduct that violate constitutional rights and negate due process and had humiliated a child. We submit that this is an issue of fact, did  the facts of the school of isolating a minor from the presence of their parents, to accuse her of racism, and not permit her witnesses while making accusations and decisions about her conduct and subjecting her to draconian measures for allegations on a video that appeared to be doctored is outrageous. It is the actual happening and impact on the child that are factual bases for the outrageous conduct. This was a blunt accusation and a frustration in a minor to defend herself on a matter that produced serious, profound consequences, Isabella is undergoing mental treatment.

### *POINT III*

### *COUNT VII IS CONCEDED SHOULD BE DISMISSED*

The Wardlaw School was not acting under Color of Law as per the statute.


### *POINT IV*

### *COUNT VIII FRAUD*

The fraud claimed here is fraud in the inducement, there were representations in the handbook to make the parents to enter into the enrollment contract on the basis of the representations made in the handbook.

The pleading is that by the conduct of the defendants personnel and officers there was no intention from the inception to follow the policies, rules aimed in the handbook and plaintiffs

parents came to enroll Isabella in the defendant school on the bases of the portrayal to them, of the representations in it which were false.

The officers of Wardlaw knew that those representations were lies created to make them to rely ono them and they relied to their detriment and suffered damages directly caused by it. All of the elements are pleaded with particularities. The representations are detailed with particularity about the handbook in the complaint, and the damages, the fraud here clearly has to component , first the inducement for enrollment, second, the falsity of the representations, the relying in the representations, enrolling Isabella every year. The falsity of those representations became apparent when on opportunity to apply them the school did not seek to apply them to the reverse racist perpetrator that doctored the clip. By the conduct of Wardlaw personnel, and officers confirm that they knew the falsely, they took no action in the face of criminal conduct (bullying) causing proximately damages to Isabella and her parents.

The claims are plead with particularity. The intention clearly lo the handbook is to induce enrollment. The signature of the parents incorporated the handbook in the enrollment contract. The parents reasonably relied in the handbook as intended by the defendants to rely on it as something contracted. However, there was no intention of the defendants to carry this policy, bullying was carried out on that bases. The defendants without discovery presuppose that an inquiry on the school history will not show that the school had been implemented even in cases in point the policies nor sought to be implemented.

## *POINT V*

## *COUNT IX AND COUNT X SHOULD NOT BE DISMISSED*

1) It is an unconscionable business practice to induce parents to enroll on false
   representations in the content of the handbook.

2) This handbook is a form of advertising to the parents to attract them to enroll.

3) The parents are consumers within the meaning of the New Jersey Consumer Fraud Act.

4) The representations were false.

5) The parents were damaged from that representations.

6) The damages are pleaded to the be ascertainable.

7) All of the requirements of the New Jersey Consumer Fraud Act were met.

### *POINT VI*

### *COUNT X SHOULD NOT BE DISMISSED*

We refer the court to our answer to Count I, there was a contract of which the handbook was part of it, there was a violation of the covenant of good faith and fair dealing. There was never any intention as shown by deeds and omissions. The basis for the seeking of dismissal is the naked affirmation that the handbook is not part of the contract, contrary to the effect of the signature that incorporation of it in the contract of enrollment.

### CONCLUSION

All of the above counts of the verified complaint are well plead and supported by the facts pleads. It is not based on law that the defendants seek to dismiss the counts but on naked assertions as to facts and on assertions that the plaintiffs will not be able to prove their case without discovery not initiated. The defendants' motion should be denied.

Respectfully submitted,



Tomas Espinosa, Esq.

**Defendants' attorney list for service via ECF System.**

Cc:   **Stefani C. Schwartz, Esq.    Via Email to scchwartz@hartfieldschwartzlaw.com**
      Hatfield Schwartz Law Group
      240 Cedar Knolls Road -Suite 303
      Cedar Knolls, NJ 07927
      Attorney for Defendants The Wardlaw Hartridge School, Christine Cerminaro, Robert M.
      Bowman, PhD, Andrew Webster

Cc:   **Juan C. Fernandez, Esq.              Via Email to juan@fernandezgarcialaw.com**
      Fernandez Garcia, LLC
      10 Pine Street
      Morristown, NJ 07960
      Attorney for Defendant Austin Forsythe

Cc:   **Bradley J. Bartolomeo, Esq.Via Email to Bradley.bartolomeo@lewisbrisbois.com**
      Lewis Brisbois Bisgaard & Smith, LP
      One Riverfront Plaza - Suite 800
      Newark, NJ 07102
      Attorneys for Defendant Wagner College