# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ISABELLA WYSOCKI, JAMES WYSOCKI and RACQUEL WYSOCKI,<br><br>           Plaintiffs,<br><br>           -against-<br><br>THE WARDLAW-HARTRIDGE SCHOOL, CHRISTINE CERMINARO, ROBERT M. BOWMAN, Ph.D., ANDREW WEBSTER, AUSTIN FORSYTHE, WAGNER COLLEGE, NADIA VALCOURT, JOHN DOES (a fictitious designation of 1-10 male persons), JANE DOES (a fictitious designation of females 1-10),<br><br>           Defendants. | Case No.: 2:21-cv-14132 (WJM)(CLW)<br><br>CIVIL ACTION |

# REPLY BRIEF IN SUPPORT OF
# THE WARDLAW-HARTRIDGE SCHOOL, CHRISTINE CERMINARO, ROBERT M. BOWMAN, AND ANDREW WEBSTER'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

**HATFIELD SCHWARTZ LAW GROUP LLC**
*Attorneys for The Wardlaw-Hartridge School, Christine Cerminaro, Robert M. Bowman, and Andrew Webster*
240 Cedar Knolls Road, Suite 303
Cedar Knolls, New Jersey 07927
sschwartz@hatfieldschwartzlaw.com
(973) 737-8315

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT..............................................1

STATEMENT OF FACTS.................................................1

LEGAL ARGUMENT....................................................2

    POINT I

    WARDLAW-DEFENDANTS' 12(c) MOTION IS NOT IMPROPERLY FILED
    NOR IMMATURE......................................................2

        1. WARDLAW-DEFENDANTS' 12(C) MOTION IS PROPERLY
        FILED.............................................................2

        2. WARDLAW-DEFENDANTS' 12(C) MOTION IS NOT PREMATURE
        NOR PROCEDURALLY DEFECTIVE BECAUSE THE PLEADINGS ARE
        CLOSED BETWEEN WARDLAW-DEFENDANTS AND PLAINTIFFS.....3

        3. THE COURT IS PERMITTED TO CONSIDER EXHIBITS
        ATTACHED TO THE AMENDED COMPLAINT....................4

    POINT II

    PLAINTIFFS ARE NOT ENTITLED TO FILE A SECOND AMENDED
    COMPLAINT.........................................................5

    POINT III

    THE STUDENT-PARENT HANDBOOK IS NOT INCORPORATED INTO THE
    ENROLLMENT CONTRACT AND THEREFORE COUNT I ALLEGING A BREACH
    OF CONTRACT MUST BE DISMISSED.............................6

    POINT IV

    COUNT VII ALLEGING INTENTIONAL INFLICTION OF EMOTIONAL
    DISTRESS MUST BE DISMSISED BECAUSE PLAINTIFFS WILL NOT BE
    ABLE TO DEMONSTRATE OUTRAGEOUS CONDUCT....................7

    POINT V

    PLAINTIFFS CONCEDE THAT COUNT VII ALLEGING A VIOLATION OF THE
    NEW JERSEY CIVIL RIGHTS MUST BE DISMISSED......................10

    POINT VI

    COUNT VIII ALLEGING FRAUD MUST BE DISMISSED BECAUSE
    PLAINTIFFS CANNOT PREVAIL UNDER THIS CLAIM...............10

    POINT VII

COUNT IX ALLEGING A VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT MUST BE DISMISSED AS PLAINTIFFS CANNOT PREVAIL UNDER THIS CLAIM...................................................10

POINT VIII

COUNT X ALLEGING A VIOLATION OF THE COVENANT OF GOOD FAITH AND FAIR DEALING MUST BE DISMISSED AS PLAINTIFFS CANNOT PREVAIL UNDER THIS CLAIM AS THE STUDENT-PARENT HANDBOOK IS NOT A CONTRACT.........................................12

CONCLUSION ...............................................13

## TABLE OF AUTHORITIES

**Page**

**Cases**

Alpert, Goldberg, Butler, Norton & Weiss, P.C. v. Quinn,
    410 N.J. Super. 510, 533 (App. Div. 2009).................6

Block v. Seneca Mortg. Servicing,
    221 F. Supp. 3d 559, 593-595 (D.N.J. 2016)...............10

Cain v. Wellspan Health,
    No. 1:08-CV-1704, 2009 U.S. Dist. LEXIS 117724, at *21
    (M.D. Pa. Dec. 17, 2009)..................................8

Ferraro v. Bell Atlantic Co.,
    2 F. Supp. 2d 577, 589 (D.N.J.1998)......................9

Gonzalez v. Wilshire Credit Corp.,
    207 N.J. 557, 577 (2011)................................11

Guerriero v. Sanford L.P.,
    No. 12-5246 (KM), 2016 U.S. Dist. LEXIS 101490, at *5
    (D.N.J. Aug. 2, 2016)....................................3

Ieradi v. Mylan Lab., Inc.,
    230 F.3d 594, 600 n.3 (3d Cir. 2000).....................5

Ingraham v. Ortho-McNeil Pharm.,
    422 N.J. Super. 12, 16  (App. Div. 2011).................7

In re Bayside Prison Litig.,
    190 F. Supp. 2d 755, 760 (D.N.J. 2002)...................5

In re Westinghouse Sec. Litig.,
     832 F. Supp. 948, 964 (W.D.Pa. 1993), rev'd on other
     grounds, 90 F.3d 696 (3d Cir. 1996).......................5

Lawrence v. Tandy & Allen, Inc.,
     14 N.J. 1, 7, 100 A.2d 891 (1953)........................6

Lopez v. CIA,
     301 F. Supp. 3d 78, 83 n.6 (D.D.C. 2018).................4

Moran v. Peralta Community College Dist.,
     825 F. Supp. 891, 894 (N.D. Cal. 1993)...................4

Obendorfer v. Gitano Group, Inc.,
     838 F. Supp. 950, 952, 955 (D.N.J.1993)..................9

Pension Benefit Guar. Corp. v. White Consol. Indus.,
     998 F.2d 1192, 1197 (3d Cir. 1993).......................5

Sharifi v. Cross,
     No. 21-2873, 2022 U.S. Dist. LEXIS 6592, at *30 (E.D. Pa.
     Jan. 12, 2022)...........................................9

Southmark Prime Plus, Ltd. P'ship v. Falzone,
     776 F. Supp. 888, 891 (D. Del. 1991).....................2

Trs. of the Univ. of Pa. v. Mayflower Transit,
     CIVIL ACTION NO. 97-1111, 1997 U.S. Dist. LEXIS 14577, at
     *8 (E.D. Pa. Sep. 16, 1997)............................3,4

Van Orman v. Am. Ins. Co.,
     680 F.2d 301, 306 (3d Cir.1982)..........................6

Zamboni v. Stamler,
     847 F.2d 73, 76, 80 (3d Cir.), cert. denied, 488 U.S. 899
     (1988)...................................................9

**Rules**

5C Fed. Prac. & Proc. Civ. § 1367 (3d ed.)....................3

Federal Rule of Civil Procedure 12(c).........................2

## PRELIMINARY STATEMENT

Plaintiffs' response to Wardlaw-Defendants' partial motion for judgment on the pleadings is replete with nothing more than self-serving facts and legally unsupported attempts to avoid dismissal of the various causes of action. Plaintiffs fail to raise any supporting legal arguments or point to any case law, statute, or rule in their opposing papers. Instead, Plaintiffs merely reiterate the facts set forth in the Amended Complaint, and make self-serving conclusions.

As set forth in Wardlaw-Defendants moving papers, Plaintiffs will be unable to prevail under the following causes of action: Count I (Breach of Contract) Count VI (Intentional Infliction of Emotional Distress), Count VII (New Jersey Civil Rights Act), Count VIII (Fraud), Count IX (New Jersey Consumer Fraud Act), and Count X (Breach of the Covenant of Good Faith and Fair Dealing) of the Amended Complaint and therefore these claims must be dismissed.

## STATEMENT OF FACTS[1]

Wardlaw-Defendants incorporate the Statement of Facts set forth in its initial moving brief.

---

[1] Defendants' Statement of Facts asserts the facts set forth in the Amended Complaint and treats the facts as true for purposes of this motion only.

**LEGAL ARGUMENT**

**POINT I**

**WARDLAW-DEFENDANTS' 12(C) MOTION IS NOT IMPROPERLY FILED NOR PREMATURE**

**1. Wardlaw-Defendants 12(c) Motion Is Properly Filed**

Plaintiffs argue that Wardlaw-Defendants motion is an attempt to file a motion for summary judgment; which it is not. Plaintiffs further argue that a 12(c) motion cannot or should not be filed prior to discovery; this is also an incorrect assertion.

Under the Federal Rules of Civil Procedure, a party may file a dispositive motion pursuant to Rule 12(b) Motion to Dismiss, Rule 12(c) Motion for Judgment on the Pleadings, and Rule 56 Motion for Summary Judgment. It is evident that these three Rules exist to allow parties to file dispositive motions throughout the various stages of litigation in furtherance of promoting efficiency in the judicial process.

Importantly, a 12(c) motion permits a party to seek dismissal of claims when the party can no longer file a 12(b) motion to dismiss but the matter is not yet ripe for summary judgment. Rule 12(c) clearly provides "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Rule 12(c) provides for the summary disposition of a party's claims on the merits before discovery. *Southmark Prime Plus, Ltd. P'ship v. Falzone*, 776 F. Supp. 888, 891 (D. Del. 1991);

2

<u>Guerriero v. Sanford L.P.,</u> No. 12-5246 (KM), 2016 U.S. Dist. LEXIS 101490, at *5 (D.N.J. Aug. 2, 2016)(A summary judgment motion is proper at the close of discovery; a 12(c) motion is proper prior to the end of discovery).  Rule 12(c) is designed to eliminate excessive litigation when a judgment on the merits may be derived solely from the content of the pleadings. <u>See</u> 5C Fed. Prac. & Proc. Civ. § 1367 (3d ed.).

Despite Plaintiffs' arguments, the 12(c) motion is not improperly filed, Wardlaw-Defendants are not seeking summary judgment at this early stage, and it is not necessary that the parties engage in discovery prior to filing a 12(c) motion.

### 2. Wardlaw-Defendants 12(c) Motion Is Not Premature Nor Procedurally Defective Because the Pleadings Are Closed Between Wardlaw-Defendants and Plaintiffs

Plaintiffs argue that the instant motion is premature because the pleadings are not closed. While Wardlaw-Defendants concede that the pleadings must be closed before a 12(c) motion is filed, Plaintiffs' argument that the pleadings are not closed because Defendant Nadia Valcourt has not yet been served is insufficient to defeat a 12(c) motion[2]. Courts have found that failure to serve a co-defendant is not a dispositive reason to deny a 12(c) motion. <u>See</u> <u>Trs. of the Univ. of Pa. v. Mayflower Transit</u>, CIVIL ACTION NO. 97-1111, 1997 U.S. Dist. LEXIS 14577, at *8 (E.D. Pa. Sep. 16,

---

[2] The Complaint was filed in July 2021, yet eight (8) months later Plaintiffs have still failed to serve Nadia Valcourt.

1997); <u>Moran v. Peralta Community College Dist</u>., 825 F. Supp. 891, 894 (N.D. Cal. 1993) (A contrary reading of R. 12(c) would mean that a plaintiff could forever preclude a 12(c) motion simply by naming and then not serving an additional defendant).

Courts interpreting Rule 12(c) have held that pleadings are closed upon the filing of a complaint and answer, unless a counterclaim or third-party claim is interposed. <u>Lopez v. CIA</u>, 301 F. Supp. 3d 78, 83 n.6 (D.D.C. 2018); <u>Trs. of the Univ. of Pa. v. Mayflower Transit</u>, 1997 U.S. Dist. LEXIS 14577, at *8 (E.D. Pa. Sep. 16, 1997). Here, Wardlaw-Defendants filed an Answer only. Therefore, the pleadings between Plaintiffs and Wardlaw-Defendants are closed. Additionally, this court granted Wardlaw-Defendants permission to file this motion.  Accordingly, this motion is not premature or procedurally defective.

### 3. The Court is Permitted to Consider Exhibits Attached to the Amended Complaint

Plaintiffs mistakenly assert that the Court should not consider the exhibits attached to the Complaint which were referenced in Wardlaw-Defendants moving papers. Unlike on a Rule 12(b)(6) motion, on a Rule 12(c) motion, the court may consider the Answer as well as material subject to judicial notice and documents referred to, or the subject of, the complaint, even if not attached to the complaint, so long as there is no dispute as to their authenticity.  <u>In re Westinghouse Sec. Litig</u>., 832 F.

Supp. 948, 964 (W.D.Pa. 1993), rev'd on other grounds, 90 F.3d 696 (3d Cir. 1996); In re Bayside Prison Litig., 190 F. Supp. 2d 755, 760 (D.N.J. 2002); See Ieradi v. Mylan Lab., Inc., 230 F.3d 594, 600 n.3 (3d Cir. 2000); Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1197 (3d Cir. 1993) (holding a court may consider materials outside the complaint without converting motions to dismiss into summary judgment motions).

Plaintiffs attached several exhibits to the Amended Complaint in support of their causes of action. Pursuant to case law, the Wardlaw-Defendants cite to some of those exhibits in their initial moving brief.  The Court may consider these attachments when deciding Wardlaw-Defendants' 12(c) motion.

Wardlaw-Defendants' 12(c) motion has been properly and timely filed.

## POINT II

### PLAINTIFFS ARE NOT ENTITLED TO FILE A SECOND AMENDED COMPLAINT

Plaintiffs argue that if Wardlaw-Defendants 12(c) motion is granted, Plaintiffs should be permitted to file a Second Amended Complaint. Plaintiffs do not cite to any Rule, statute, or case law which provides authority to file a Second Amended Complaint following dismissal of claims pursuant to a 12(c) motion. Additionally, Plaintiffs have already amended the Complaint in

this matter. Plaintiffs are not entitled to unlimited bites at the apple.

<u>**POINT III**</u>

**THE STUDENT-PARENT HANDBOOK IS NOT INCORPORATED INTO THE ENROLLMENT CONTRACT AND THEREFORE COUNT I ALLEGING A BREACH OF CONTRACT MUST BE DISMISSED**

Plaintiff argues that the Student-Parent Handbook constitutes a valid contract between the parties because it was incorporated by reference into the Enrollment Contract. The Student-Parent Handbook was not incorporated into the Enrollment Contract.

The mere fact that a contract refers to a separate document does not inevitably incorporate the document into the contract. Whether two writings are to be construed as a single contract depends on the intent of the parties. <u>Alpert, Goldberg, Butler, Norton & Weiss, P.C. v. Quinn</u>, 410 N.J. Super. 510, 533 (App. Div. 2009) citing <u>Van Orman v. Am. Ins. Co.</u>, 680 F.2d 301, 306 (3d Cir.1982). The basic question is whether the parties assented to a writing as the complete integration of their agreement. <u>Lawrence v. Tandy & Allen, Inc.</u>, 14 N.J. 1, 7, 100 A.2d 891 (1953). That is, whether "the parties have expressed their intention to have one document's provision read into a separate document." <u>Quinn</u>, 410 N.J. Super.at 533. Further, in order to uphold the validity of terms incorporated by reference, it must be clear that the parties to the agreement had knowledge of and assented to the incorporated terms. <u>Ibid</u>.

6

Here, the Amended Complaint does not allege that Wardlaw-Defendants *intended* the Enrollment Contract to incorporate the Parent-Student Handbook for the purposes of creating a single contract. Interestingly, Plaintiffs failed to attach the Enrollment Contract to the Complaint and only attached parts of the Student-Parent Handbook. <u>See</u> Amended Complaint. A review of the Enrollment Contract will demonstrate that the Handbook was not incorporated. As set forth in the Wardlaw-Defendants moving papers, the Parent-Student Handbook, standing alone, is not a contract between the parties, and therefore Count I of the Amended Complaint must be dismissed.

## **POINT IV**

**COUNT VII ALLEGING INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS MUST BE DISMISSED BECAUSE PLAINTIFFS WILL NOT BE ABLE TO DEMONSTRATE OUTRAGEOUS CONDUCT**

As set forth in Wardlaw-Defendants initial brief, the crux of a claim for intentional infliction of emotional distress is a showing that the conduct is so "outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." <u>Ingraham v. Ortho-McNeil Pharm.</u>, 422 N.J. Super. 12, 16 (App. Div. 2011). This element is an elevated threshold that is satisfied only in extreme cases. <u>Ibid</u>.

Plaintiffs' opposition fails to cite to any case law which supports the argument that the alleged conduct by the Wardlaw-Defendants constitutes extreme and outrageous conduct. Rather, Plaintiffs attempt to distract the Court by enumerating a string of allegations and then make a blanket statement that the conduct is extreme and outrageous simply because Plaintiffs regard it as extreme and outrageous. Specifically, Plaintiffs allege that (i) Wardlaw-Defendants held one meeting with Isabella Wysocki, whom was seventeen at the time, without her parents present; (2) parents are not permitted to attend Judging Board hearings; (3) Wardlaw-Defendants failed to investigate; (4) Wardlaw-Defendants failed to prevent a "leak of information"; (5) Isabella Wysocki was not permitted to attend the graduation ceremony; and (6) Wardlaw-Defendants violated Isabella Wysocki's right to free speech. Ultimately, all claims against Wardlaw-Defendants rest on Plaintiffs' challenge to the discipline imposed by Wardlaw-Defendants. Even treating these allegations as true, this conduct does not rise to the level to constitute outrageous conduct under the law.

Courts have held that disciplinary action is not extreme and outrageous conduct. Federal courts applying New Jersey law have declined to find sufficiently extreme and outrageous conduct where: (1) an employee was disciplined and then terminated by the employer following an internal investigation, Cain v. Wellspan

Health, No. 1:08-CV-1704, 2009 U.S. Dist. LEXIS 117724, at *21
(M.D. Pa. Dec. 17, 2009); see also Sharifi v. Cross, No. 21-2873,
2022 U.S. Dist. LEXIS 6592, at *30 (E.D. Pa. Jan. 12, 2022)(while
the conduct alleged, including being unfairly disciplined and
recorded without consent, taken as true at this stage, is
potentially unprofessional and was upsetting to plaintiff, it
cannot rise to the standard of going "beyond all possible bounds
of decency" to constitute an IIED claim); (2) the plaintiff, a
detective, was subjected to unusual discipline, including that he
present himself for a psychiatric evaluation, Zamboni v. Stamler,
847 F.2d 73, 76, 80 (3d Cir.), cert. denied, 488 U.S. 899 (1988);
(3) the plaintiff's co-workers treated her rudely and
unprofessionally, called her names, and gestured in a physically
intimidating manner, Ferraro v. Bell Atlantic Co., 2 F. Supp. 2d
577, 589 (D.N.J.1998); and (4) derogatory gender-based comments
were made to the plaintiff along with allegations that her fiancé
was a "cheat" and a "liar." Obendorfer v. Gitano Group, Inc., 838
F. Supp. 950, 952, 955 (D.N.J.1993).

Discipline and treatment which a party regards as
unfavorable, embarrassing, or unfair does not constitute extreme
and outrageous conduct protected by a cause of action for
intentional infliction of emotional distress. There is no
discovery or evidence which can be uncovered in this matter that

will support a cause of action for intentional infliction of emotional distress based on the facts. Count VI must be dismissed.

### POINT V

**PLAINTIFFS CONCEDE THAT COUNT VII ALLEGING A VIOLATION OF THE NEW JERSEY CIVIL RIGHTS ACT MUST BE DISMISSED**

Plaintiffs concede that Count VII must be dismissed.

### POINT VI

**COUNT VIII ALLEGING FRAUD MUST BE DISMISSED BECAUSE PLAINTIFFS CANNOT PREVAIL UNDER THIS CLAIM**

Count VIII of the Amended Complaint must be dismissed as there is no viable cause of action for fraud which has been plead. Plaintiffs' opposition merely repeats the factual allegations set forth in the Complaint. Accordingly, the Wardlaw-Defendants repeat and rely on their argument set forth in their moving papers and reassert that the facts alleged by Plaintiffs are not sufficient to plead a cause of action for fraud. Count VII must be dismissed.

### POINT VII

**COUNT IX ALLEGING A VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT MUST BE DISMISSED AS PLAINTIFFS CANNOT PREVAIL UNDER THIS CLAIM**

To state a New Jersey Consumer Fraud Act ("NJCFA") claim, a consumer must plead (1) an unlawful practice; (2) an ascertainable loss; and (3) a causal relationship between the two. Block v. Seneca Mortg. Servicing, 221 F. Supp. 3d 559, 593-595 (D.N.J. 2016)

(citing <u>Gonzalez v. Wilshire Credit Corp.</u>, 207 N.J. 557, 577 (2011)). An unlawful practice includes an affirmative misrepresentation of a material fact. <u>Ibid</u>. Plaintiffs allege that Count IX should survive this motion because the "representations" in the Student-Parent Handbook were false.

As set forth in Wardlaw-Defendants' moving brief, Plaintiffs will not be able to demonstrate that the policies set forth in the Student-Parent Handbook are material misrepresentations. First, in order to be material, Plaintiffs would need to allege and demonstrate that the reason they enrolled Isabella Wysocki into Wardlaw-Hartridge School was due in whole, or significant part, to the anti-bullying and discipline policies, rather than based on the school's academic program and sports programs. Second, Plaintiffs will need to demonstrate, which they cannot, that the policies in the Handbook are false. The policies, including the anti-bullying/anti-harassment policy, and discipline policies merely set forth guidelines which are to be followed.

Plaintiffs do not set forth a compelling argument that the facts are sufficient to support a cause of action under the NJCFA. Rather, it is clear that Plaintiffs simply do not agree with Wardlaw-Defendants enforcement of the foregoing policies. By way of illustration, the disciplinary policy in the Handbook sets forth in relevant part, that the School's "disciplinary system is intended to hold students accountable for a high standard of

conduct." The policy goes on to state "[W]e also believe that our internal punishment should be commensurate to the violation, and that when good standing is renewed the incident should be complete." See Exhibit 10 attached to the Amended Complaint. Plaintiffs concede in the Amended Complaint that Isabella Wysocki was disciplined after the school found she used the words "fucking n***er". See Am. Complaint, ¶ 30-31, 35, 40. Specifically, Ms. Wysocki was not permitted to attend courses in person for the remainder of the academic year nor attend the graduation ceremony. Ibid. Accordingly, Wardlaw-Defendants complied with the discipline policy by issuing discipline which they believed was appropriate in response to Isabella Wysocki's behavior. Plaintiffs do not articulate how this policy and the enforcement of this policy was a material misrepresentation. Rather, Plaintiffs state that they believe the discipline issued was unfair.

Plaintiffs will not be able to demonstrate that compliance and enforcement of a policy is a "lie" or material misrepresentation. Similarly, Plaintiffs will not be able to demonstrate how enforcement of the other guidelines set forth in the Handbook created material misrepresentations.

Count IX must be dismissed.

**POINT VIII**

**COUNT X ALLEGING A VIOLATION OF THE COVENANT OF GOOD FAITH AND FAIR DEALING MUST BE DISMISSED AS PLAINTIFFS CANNOT PREVAIL UNDER THIS CLAIM AS THE STUDENT-PARENT HANDBOOK IS NOT A CONTRACT**

Wardlaw-Defendants repeat and refer to the arguments set forth in Point III of this reply brief, and Defendants' initial moving papers. Wardlaw-Defendants maintain that the Student-Parent Handbook is not a contract, and that a party cannot allege a cause of action for a breach of the covenant of good faith and fair dealing when a contract does not exist.  Count X must be dismissed.

**CONCLUSION**

Based on the foregoing, and the arguments set forth in Wardlaw-Defendants moving brief, Wardlaw-Defendants respectfully request that Count I, Count VI, Count VII, Count VIII, Count IX and Count X of the Amended Complaint be dismissed.


Respectfully submitted,


By: */s/ Stefani C Schwartz*
Stefani C Schwartz, Esq.
HATFIELD SCHWARTZ LAW GROUP LLC
Attorneys for Defendants,
The Wardlaw-Hartridge School,
Christine Cerminaro, Robert M.
Bowman, and Andrew Webster

13